UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THORTON W. NORTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-796-TAB-RLY |
| | ) | |
| CAROLYN COLVIN, | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Thorton Norton appeals the final decision of the Commission of Social Security denying him supplemental social security income. The primary challenge that Plaintiff raises on appeal is that the ALJ failed to mention, let alone consider the listing for mental retardation at step three. This argument, however, is a mischaracterization of the ALJ's decision. The ALJ explicitly mentioned the listing for mental retardation at step three and explained that because Plaintiff did not have a severe impairment with respect to mental retardation at step two it was unnecessary to consider the listing for mental retardation. Plaintiff does not challenge the ALJ's step-two determination and therefore any error at step three is harmless. As more fully set forth below, Plaintiff's brief in support of his appeal [Docket No. 17] is denied, and the decision of the Commissioner is affirmed.

**II.     Discussion**

    *A.     Standard*

The Social Security regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled: Whether the plaintiff (1) is currently unemployed, (2) has a severe impairment, (3) has an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations, (4) is unable to perform his past relevant work, and (5) is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512–13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled."

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The ALJ, however, need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Denton*, 596 F.3d at 425.

   B.   *Step Three*

Plaintiff claims the ALJ erred at step three because substantial evidence fails to support the ALJ's finding that Plaintiff's combined impairments of mental retardation and schizoaffective disorder did not meet or medically equal Listing 12.05(C). Listing 12.05 is for mental retardation, which "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." Plaintiff may satisfy Listing 12.05(C) with a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1.

Plaintiff argues that reversal is required because the ALJ "never even mentioned Listing 12.05C." [Docket No. 17 at 12.] This assertion is incorrect. At step two, the ALJ considered the medical evidence related to mental retardation and concluded that a diagnosis of mental retardation requires more than IQ scores, such as "clear documentation from the developmental period, which is lacking here." [A.R. at 15.] The ALJ also noted that Plaintiff was working on his GED and passed all subject areas except the mathematical section, which is contrary to a diagnosis of mental retardation. [*Id.*] In light of this conclusion, the ALJ explicitly stated at step three that "[b]ecause the claimant is not mentally retarded, I have not separately considered Listing 12.05, the listing for mental retardation." [A.R. at 15.] To assert that the ALJ never mentioned Listing 12.05 at step three, as Plaintiff asserts here, is incorrect.

Plaintiff also points to some evidence that the ALJ should have considered in conjunction with Listing 12.05(C) at step three. [Docket No. 17 at 14.] Regardless of whether this evidence

3

satisfies Listing 12.05(C), Plaintiff fails to account for the ALJ's step-two determination that Plaintiff did not have a severe impairment with respect to mental retardation. Because Plaintiff's claim of mental retardation failed at step two, the ALJ did not need to consider Listing 12.05(C) at step three. *See Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) ("An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled."); *Picket v. Astrue*, No. 1:11-CV-0160-SEB-DML, 2012 WL 4470242, at *3 (S.D. Ind. Sept. 27, 2012) (affirming the ALJ's determination "that Pickett's mental impairment was not severe, and therefore he did not discuss the requirements of Listing 12.04."); *Marzi v. Astrue*, No. 1:09-CV-715-SEB-TAB, 2010 WL 3893825, at *5 (S.D. Ind. Sept. 28, 2010) ("But, because the ALJ found that her pulmonary impairment was not severe, it would not be expected that he would address whether it medically equaled Listing 3.02C2.").

If Plaintiff intended to show that any error at step three requires reversal, then Plaintiff needed to show that the ALJ erred at step two by concluding that Plaintiff was not severely impaired with respect to mental retardation. However, Plaintiff has not challenged the ALJ's step-two determination on appeal and therefore the Court does not address it. *See United States v. Swanson*, 483 F.3d 509, 514 (7th Cir. 2007) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded"); *Bollas v. Astrue*, 694 F. Supp. 2d 978, 990 (N.D. Ill. 2010) ("Issues not raised in a claimant's initial brief are generally waived for purposes of review."). Accordingly, despite any error that may have occurred at step three, such an error is harmless in light of the ALJ's step-two determination.

### C.  *Credibility*

Plaintiff's credibility argument presents an all too common and unsuccessful approach employed by Plaintiff's counsel. The credibility argument merely consists of conclusory statements and a general discussion of case law. The argument lacks any discussion of the facts or the ALJ's analysis. Plaintiff's counsel has been warned extensively that this style of argument will result in waiver due to lack of development. *See S.N.B. ex rel. Jordan v. Astrue*, No. 1:11-CV-1519-TAB-RLY, 2013 WL 936552, at *2 (S.D. Ind. Mar. 11, 2013). Plaintiff's counsel failed to heed these warnings and therefore Plaintiff's credibility argument is waived.

### D.  *Step Five*

Plaintiff argues that the ALJ failed to pose a hypothetical that accounted for difficulties with social functioning with the general public and coworkers. [Docket No. 17 at 20.] The Court finds that the ALJ's hypothetical, which included limitations based on Plaintiff's cognitive and personality disorders, adequately accounts for social disorders. [A.R. at 68.] Plaintiff fails to raise any other discernible challenges to the ALJ's step-five determination.

## III.  Conclusion

For the reasons above, Plaintiff's brief in support of appeal [Docket No. 17] is denied, and the decision of the Commissioner is affirmed.

DATED: 07/09/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com